**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



KENNETH R. SISK,

          Plaintiff-Appellant,

  v.

ANDREW M. SAUL, Commissioner of
Social Security,

          Defendant-Appellee.

No.    18-35750

D.C. No. 3:17-cv-5675-MAT

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Mary Alice Theiler, Magistrate Judge, Presiding

Submitted September 4, 2020**
Seattle, Washington

Before: McKEOWN and HAWKINS, Circuit Judges, and CALDWELL,*** District
Judge.

    Kenneth Sisk appeals the district court's ruling affirming the Social Security

Commissioner's denial of his application for Disability Insurance Benefits and

---

    *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

    ***     The Honorable Karen K. Caldwell, United States District Judge for the
Eastern District of Kentucky, sitting by designation.

Supplemental Security Income under Title II and XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The Administrative Law Judge ("ALJ") did not err in affording Dr. Cove's and Dr. Yamamoto's opinions great weight. She reasoned that both physicians examined Sisk, were specialists in their fields opining on medical issues related to their specialties, were familiar with the evidence in the record, and gave opinions that were consistent with Sisk's record—including objective and other opinion evidence. *See* 20 C.F.R. §§ 404.1527, 416.927. The ALJ reasonably interpreted the evidence and cited substantial evidence that was adequate to support her findings. *See Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion.).

The ALJ did not err in affording Dr. Krebs' opinion little weight. The opinion was largely based on Sisk's exaggerated presentation, and it was inconsistent with his treatment history, his activities, the objective medical evidence, and the opinions of specialists. Additionally, Dr. Krebs was not aware of significant evidence of exaggeration that was present in Sisk's medical record, and she was unqualified to opine on Sisk's physical limitations as an examining psychologist. The ALJ provided "specific and legitimate reasons" for affording little weight to Dr. Krebs' opinion, and her interpretation of the evidence was reasonable considering the other

evidence in Sisk's record. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (Where evidence "is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld.")

The ALJ's decision to afford state agency physicians significant weight was also supported by substantial evidence. These physicians reviewed all medical evidence available at the time of the examinations, and their opinions were consistent with other objective and opinion evidence in Sisk's record.

The ALJ was not required to specifically recite and reject the findings of providers who did not articulate any specific functional limitations or express their opinions regarding Sisk's ability to do work-related activities. *See Turner v. Comm'r of Social Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (An ALJ is not required to address and provide reasons for rejecting medical evidence that does not identify any specific functional limitations or opinions regarding the claimant's ability to do work-related activities.) The ALJ duly considered Sisk's medical record, reasonably interpreted the evidence, explained why certain probative evidence should be discounted, and adequately supported her conclusions.

The ALJ also did not err in discrediting claimant's testimony regarding his limitations and subjective complaints of pain because there was substantial evidence supporting the ALJ's decision. The ALJ cited multiple reasons for discrediting

Sisk's testimony: significant evidence of exaggeration, participation in activities inconsistent with the degree of pain and limitation he alleged, a lack of substantial gainful activity in the years leading up to his accident, objective medical evidence inconsistent with his alleged limitations, and a failure to seek mental health treatment until after he had been denied benefits. The ALJ reasonably interpreted the evidence and provided "specific, clear and convincing reasons" for discrediting Sisk's testimony. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014).

Finally, the ALJ did not err in her evaluation of the lay evidence. To the extent the ALJ erred in failing to consider lay evidence from an SSA employee, that error was harmless. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006) (failure to consider lay testimony may be considered harmless where it is "inconsequential to the ultimate nondisability determination"). Although the ALJ did not specifically consider the employee's observations of Sisk's apparent pain and limited mobility, she did consider Sisk's testimony regarding the same, as well as significant evidence that contradicted the employee's report. *See Molina v. Astrue*, 674 F.3d 1104, 1118–19 (9th Cir. 2012) (The Court may consider, for example, whether "the testimony is similar to other testimony that the ALJ validly discounted[] or . . . is contradicted by more reliable medical evidence that the ALJ credited."), *superseded by regulation on other grounds*. With respect to Vera Sisk's

testimony, the ALJ provided "germane reasons" for giving it partial weight by noting its similarity to her husband's discredited reports.  *See Turner*, 613 F.3d at 1224.

**AFFIRMED.**